STATE OF NORTH CAROLINA                 IN THE GENERAL COURT OF JUSTICE
                                         SUPERIOR COURT DIVISION
COUNTY OF GUILFORD                             18 CvS 5729

BLUSKY RESTORATION            )
CONTRACTORS, LLC and DISASTER )
ONE, INC.,                    )
                              )
        Plaintiffs,           )
                              )
v.                            )         **AMENDED**
                              )         **COMPLAINT**
OXFORD ENCORE APARTMENTS LLC, )
PREFERRED APARTMENT           )
COMMUNITIES, INC., and PREFERRED )
RESIDENTIAL MANAGEMENT, LLC,  )
                              )
        Defendants.           )

PLAINTIFFS, amending their Complaint as a matter of course before a responsive pleading has been served pursuant to Rule 15(a) of the North Carolina Rules of Civil Procedure, and complaining of the Defendants, aver:

1. BluSky Restoration Contractors, LLC (hereinafter "BluSky") is a limited liability company organized under the laws of the State of Delaware that is authorized to do business in the State of North Carolina and that has a place of business in Greensboro, Guilford County, North Carolina.

2. Disaster One, Inc. (hereinafter "D1") is a corporation, organized under the laws of the State of North Carolina, with its principal place of business in Guilford County, North Carolina.

3. Upon information and belief, Defendant Oxford Encore Apartments LLC (hereinafter "Defendant Oxford") is a limited liability company organized under the laws of the State of Georgia, with its principal place of business in Fulton County, Georgia.

4. Upon information and belief, Defendant Preferred Apartment Communities, Inc. (hereinafter "Defendant Preferred") is a corporation, organized under the laws of the State of Maryland, and is registered as a foreign profit corporation under the laws of the State of Georgia, with a principal place of business in Fulton County, Georgia.

5. Upon information and belief, Defendant Preferred Residential Management, LLC (hereinafter "Defendant Residential") is a limited liability company organized under the laws of the State of Georgia, with its principal place of business in Fulton County, Georgia.

6. Venue is proper before this Court pursuant to N.C. Gen. Stat. §§ 1-79 and 1-82 because BluSky and D1 (collectively "Plaintiffs") have places of business located in Guilford County, North Carolina.

7. Venue is proper before this Court because Defendant Oxford, Defendant Preferred and Defendant Residential (collectively "Defendants") expressly agreed that the contracts between them and D1, dated June 25, 2017 and August 21, 2017, would be "governed by the laws of North Carolina and Guilford County will be the sole venue for any legal action."

8. The real estate referred to herein at which Plaintiffs provided water restoration services and repairs is located at 3290 Cobb Galleria Parkway, Southeast, Atlanta, Georgia (hereinafter the "Property").

9. Upon information and belief, Defendant Oxford is the owner of the Property.

10. Upon information and belief, at all relevant times herein, Defendant Preferred and Defendant Residential was the authorized agent of Defendant Oxford, working within its course, scope, and authority of said agency.

2

11. Upon information and belief, Defendant Preferred and Defendant Residential work as, among other things, the management company of the Property, on behalf of Defendant Oxford and in furtherance of Defendant Oxford's interests.

12. Defendant Preferred and Defendant Residential entered a certain contract, dated June 25, 2017, with D1 to have D1 perform water restoration services at the Property and for which Defendants were to pay D1 for the water restorations services at the Property, a copy of which is attached as **Exhibit A** and incorporated herein by reference as if fully herein set forth (hereinafter, the "Water Restoration Contract").

13. Shortly after entering into the Water Restoration Contract, D1 began performing its obligations under the Water Restoration Contract by providing labor and materials to the Property.

14. Defendant Preferred and Defendant Residential entered a certain contract, dated August 21, 2017, with D1 to have D1 perform repairs at the Property and for which Defendants were to pay D1 for the repairs, a copy of which is attached as **Exhibit B** and incorporated herein by reference as if fully herein set forth (hereinafter, the "Repairs Contract"; collectively the Water Restoration Contract and the Repairs Contract are referred to herein as the "Contracts").

15. Shortly after entering into the Repairs Contract, D1 began performing its obligations under the Repairs Contract by providing labor and materials to the Property.

16. On or about September 8, 2017, D1 invoiced Defendants for $100,000.00 for labor and materials it had provided to the Property pursuant to the Water Restoration Contract.

17. On or about September 8, 2017, D1 invoiced Defendants for $100,000.00 for labor and materials it had provided to the Property pursuant to the Repairs Contract.

18. On or about September 30, 2017, BluSky assumed D1's contractual rights and obligations related to the Contracts pursuant to a certain Asset Purchase Agreement between BluSky and D1.

19. On or about October 1, 2017, BluSky doing business as Disaster One, Inc. continued to perform Plaintiffs' obligations under the Contracts by providing labor and materials to the Property.

20. On or about October 23, 2017, BluSky invoiced Defendants for $100,000.00 for labor and materials it and D1 had provided to the Property pursuant to the Water Restoration Contract.

21. On or about November 20, 2017, BluSky invoiced Defendants for $74,371.41 for the labor and materials it had provided to the Property in completion of its obligations under the Water Restoration Contract.

22. On or about November 27, 2017, BluSky invoiced Defendants for $298,414.63 for the labor and materials it had provided to the Property in completion of its obligations under the Repairs Contract.

23. Plaintiffs performed their obligations under the Contracts.

24. Defendants failed to perform their obligations under the Water Restoration Contract by refusing and continuing to refuse to pay the total invoiced amount of $274,371.41 owed to the Plaintiffs for the water restoration services Plaintiffs performed at the Property.

25. Defendants failed to perform their obligations under the Repairs Contract by refusing and continuing to refuse to pay the total invoiced amount of $398,414.63 owed to the Plaintiffs for the repairs Plaintiffs performed at the Property.

26. Despite demand, Defendants have failed and refused and continue to fail and refuse to pay Plaintiffs the unpaid balances due under the Contracts for the water restoration services and repairs provided by the Plaintiffs at the Property.

27. Pursuant to the provisions of § 6-21.5 of the North Carolina General Statutes, Plaintiffs hereby notify Defendants that they may pay the obligations referenced herein within five (5) days of the date of service of the Complaint to avoid the enforcement of attorney's fees; however, if such payment is not made within such five (5) day period, the Plaintiffs will enforce the attorney's fees provisions referenced herein.

## FIRST CAUSE OF ACTION
(Breach of Repairs Contract)

28. Plaintiffs incorporate herein by reference the allegations contained in the foregoing paragraphs of this Complaint.

29. Plaintiffs and Defendants had a valid and enforceable contract for which Plaintiffs performed repairs at the Property.

30. The failure of Defendants to pay Plaintiffs for the repairs constitutes a breach of contract.

31. As a direct and proximate result of Defendants' breach of contract, Plaintiffs have been damaged and are entitled to recover from Defendants a total unpaid principal sum of $398,414.63, with interest accruing on $100,000.00 from September 8, 2017 at the contract rate of 18% per annum until the date of judgment, and with interest accruing on $298,414.63 from November 27, 2017 at the contract rate of 18% per annum until the date of judgment; post judgment interest on the total unpaid principal balance of $398,414.63 at the legal rate of 8% per annum until paid; and reasonable attorneys' fees in the amount of $59,762.19.

## SECOND CAUSE OF ACTION
(Breach of Water Restoration Contract)

32. Plaintiffs incorporate herein by reference the allegations contained in the foregoing paragraphs of this Complaint.

33. Plaintiffs and Defendants had a valid and enforceable contract for which Plaintiffs performed water restoration services at the Property.

34. The failure of Defendants to pay Plaintiffs for the water restoration services constitutes a breach of contract.

35. As a direct and proximate result of Defendants' breach of contract, Plaintiffs have been damaged and are entitled to recover from Defendants a total unpaid principal sum of $274,371.41, with interest accruing on $100,000.00 from September 8, 2017 at the contract rate of 18% per annum until the date of judgment, with interest accruing on $100,000.00 from October 23, 2017 at the contract rate of 18% per annum until the date of judgment, and with interest accruing on $74,371.41 from November 20, 2017 at the contract rate of 18% per annum until the date of judgment; post judgment interest on the total unpaid balance of $274,371.41 at the legal rate of 8% per annum until paid; and reasonable attorneys' fees in the amount of $41,155.71.

## THIRD CAUSE OF ACTION
(Quantum Meruit)
(in the alternative)

36. Plaintiffs incorporate herein by reference the allegations contained in the foregoing paragraphs of this Complaint.

37. Plaintiffs rendered services to Defendants by providing water restoration services and repairs to the Property.

38. The aforesaid services and repairs provided to the Property had some value to Defendants.

39. At the time Plaintiffs provided the aforesaid services and repairs to the Property, Defendants knew Plaintiffs expected payment.

40. Plaintiffs' expectation of payment was reasonable.

41. Defendants received the services and repairs provided by the Plaintiffs to the Property with knowledge or reason to know that Plaintiffs expected to be paid.

42. Defendants voluntarily accepted the services and repairs provided by the Plaintiffs to the Property.

43. The reasonable value of the unpaid balance for the services and repairs provided by Plaintiffs to Defendants is $672,786.04; accordingly Plaintiffs are entitled to recover $672,786.04 from Defendants.

WHEREFORE, the Plaintiffs BluSky Restoration Contractors, LLC and Disaster One, Inc. pray:

1. That Plaintiffs BluSky Restoration Contractors, LLC and Disaster One, Inc. have and recover of the Defendants Oxford Encore Apartments LLC, Preferred Apartment Communities, Inc. and Preferred Residential Management, LLC, jointly and severally, the total unpaid principal sum of $398,414.63, with interest accruing on $100,000.00 from September 8, 2017 at the contract rate of 18% per annum until the date of judgment, and with interest accruing on $298,414.63 from November 27, 2017 at the contract rate of 18% per annum until the date of judgment; and post judgment interest on the total unpaid principal balance of $398,414.63 at the legal rate of 8% per annum until paid;

2. That Plaintiffs BluSky Restoration Contractors, LLC and Disaster One, Inc. have and recover of the Defendants Oxford Encore Apartments LLC, Preferred Apartment Communities, Inc. and Preferred Residential Management, LLC, jointly and severally, the total unpaid principal sum of $274,371.41, with interest accruing on $100,000.00 from September 8,

2017 at the contract rate of 18% per annum until the date of judgment, with interest accruing on $100,000.00 from October 23, 2017 at the contract rate of 18% per annum until the date of judgment, and with interest accruing on $74,371.41 from November 20, 2017 at the contract rate of 18% per annum until the date of judgment; and post judgment interest on the total unpaid balance of $274,371.41 at the legal rate of 8% per annum until paid;

3. That the costs of this action, including reasonable attorneys' fees in the total amount of $100,917.90 be taxed against the Defendants Oxford Encore Apartments LLC, Preferred Apartment Communities, Inc. and Preferred Residential Management, LLC, jointly and severally; and

4. That the Court grant to Plaintiffs such other and further relief as to the Court may seem just and proper.

This the 12th day of June, 2018.

J. Patrick Haywood (NC State Bar No. 27881)
Mark K. York (NC State Bar No. 44928)
Trisha L. Barfield (NC State Bar No. 52990)
CARRUTHERS & ROTH, P.A.
235 N. Edgeworth Street (27401)
P. O. Box 540
Greensboro, NC 27402
Telephone: (336) 379-8651
Facsimile: (336) 478-1175
Email: jph@crlaw.com
rsd@crlaw.com
tlb@crlaw.com
*Attorneys for Plaintiffs*

CONTRACT FOR SERVICES AND ASSIGNMENT 

| Oxford Properties | Preferred Apartment Communities – The Encore |
|---|---|
| Owner's Name | Job Name (Internal use) |
| 3284 Northside Parkway, NW   Suite 150 | 3290 Cobb Galleria Parkway |
| Billing Address | Job Address |
| Atlanta, GA  30327 | Atlanta, GA  30339 |
| City, State and Zip | City, State and Zip |
| rdenny@oxford-properties.com | 770-818-4050 |
| Email address | Phone Home       Work       Cell |

This Agreement is made this __21st__ day of __August__, 2017 between Oxford Properties / ~~Richard Denny~~ as owner or authorized agent of the owner (Owner) and Disaster One, Inc., (Contractor) to perform the work identified in Art 2 (the Contractor's Services) which the undersigned owns, controls or leases.

**ARTICLE 1 CONTRACT PAYMENT.** Owner agrees to pay Contractor as set forth in Contractor's estimate or price list for services described in Art 2 subject to change orders. Prices for additional work, and/or work not anticipated by Contractor based on its inspection of the property, shall be calculated according to Contractor's customary charges. Payment by Owner shall be made at the time services are rendered or in accordance with an approved draw schedule. All past due balances shall accrue interest at the rate of 1.5% per month or the maximum amount allowed by law. If Contractor employs an attorney to collect sums owing under this Agreement, Owner will be liable for actual attorney's fees incurred.

**ARTICLE 2 SCOPE OF SERVICES.** Contractor agrees to commence Contractor's Services necessary or incidental to complete:

REPAIRS BASED UPON AGREED SCOPE PROVIDED BY CINCINNATI INSURANCE - *for apartments 11183, 11187, 11191 and the breezeway corridor from apartment 11103 to 11191*

**ARTICLE 3 ASSIGNMENT.** The Owner hereby acknowledges responsibility for making full and timely payment for all services performed, and expenses incurred, by Contractor pursuant to this Agreement. In the event that any of the services performed by Contractor are covered by any policy(ies) of insurance; then the Owner also agrees and hereby irrevocably ASSIGNS ALL INSURANCE PROCEEDS to Contractor and authorizes Contractor to act as the Owner's agent for the collection of, and to receive payment from, any insurance company liable to the Owner for repair or restoration work to the property. Further, in the event the Owner receives insurance proceeds for the repair or restoration work, the Owner agrees to hold in trust for Contractor and to pay over immediately such proceeds to Contractor, regardless of whether a final statement for services rendered has been submitted by Contractor to the Owner.

**ARTICLE 4 DEDUCTIBLE.** The Owner further agrees to pay any deductible under such policy(ies) of insurance. However, the existence or non-existence of any insurance coverage shall not release the Owner from responsibility for full payment for all services performed and expenses incurred by Contractor, and Owner agrees that Contractor is not obligated to seek collection of any sums which may be due from any insurance company before demanding and receiving payment of such sums by Owner.

**ARTICLE 5 SPECIAL PROVISIONS.** (Insert any special provisions required by this Agreement or Drawing/Plans Addendums).

**ARTICLE 6 CHANGES.** The Parties may without invalidating this Agreement, order extra and/or additional work, deletions, or other modifications to the Agreement that may increase or decrease the cost of work ("Change Order"). A Change Order shall be effective if communicated by e-mail provided that the recipient approves. In the event the Change Order is not documented in writing, then Contractor is entitled to an equitable adjustment so long as Contractor provides timely notice of the conditions necessitating the change. All change orders are subject to an additional $250.00 processing fee.

**ARTICLE 7 LAW & VENUE.** This Agreement is governed by the laws of North Carolina and Guilford County will be the sole venue for any legal action.

**ARTICLE 8 WARRANTY.** If the final bill is paid in full and on time, Contractor warrants its workmanship for 1 year to the original purchaser. Contractor provides no material warranty beyond that of the manufacturer or supplier.

**ARTICLE 9 LIMIT OF LIABILITY.** Contractor's liability is limited to the total amount paid for services rendered. Owner hereby agrees to release, hold harmless, defend (including attorneys' fees and court costs) and indemnify Contractor from any and all damages, claims or actions that arise from: a) conditions that pre-existed the specific loss; b) any refusal to allow Contractor to perform any procedures it recommends; and c) unexplained disappearances of personal property.
Owner Initials: _____

In witness whereof, the parties have executed this Agreement, the day and year first written above.

| *Tim Tackett – Agent of Owner* | David Staples |
|---|---|
| Owner or Authorized Agent – Print | Disaster One, Inc. – Print name of representative |
| | *David Staples* |
| Tim Tackett | |
| Owner's or Authorized Agent's Signature | Signature of Disaster One representative |

www.disasterone.com

ALGC:47587   ARGC:242510513   FL:CBC1259376   GAGC:GCCO002803   MSGC:19385-MC   NCGC:24249   SCGC:G112402   TNGC:65403   VAGC:2705113637A

Case 1:18-cv-00607-NCT-LPA   Document 4   Filed 07/10/18   Page 9 of 9